*E-FILED 1/23/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TXU ENERGY TRADING COMPANY, ET AL., | NO. 01-cv-20289 RMW (RS) |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART LEPRINO'S MOTION TO COMPEL AND DENYING REQUEST FOR SANCTIONS** |
| v. | |
| LEPRINO FOODS COMPANY, | |
| Defendant. | |

## I. INTRODUCTION

Defendant Leprino Foods Company ("Leprino") moves to compel plaintiff Txu Energy Retail L.P. ("Txu") to provide additional documents in response to its set of requests for production of documents served on August 10, 2004. While Txu has produced paper copy documents, Leprino contends that no electronic data has been produced, nor has Txu provided copies of its "customer file," or fully responded to Request Nos. 1 through 14. As a result, Leprino also seeks sanctions against Txu, which responds that it provided all relevant materials and is under no obligation to re-create electronic backup tapes since it produced papers copies of the requested documents. The motion to compel was heard by the Court on January 18, 2006. Based on all papers filed to date, the oral argument of counsel, and the joint letter submitted on January 20, 2006, the motion to compel is granted in part and denied in part, as set forth below, and the request for sanctions is denied.

## II. BACKGROUND

This is a breach of contract case, filed under the Uniform Commercial Code, for the purchase of natural gas. Between 1999 and 2001, Txu sold natural gas to Leprino through an agent, non-party Willis Bennett dbaWestern Retail. Txu alleges that Western Retail failed to calculate properly the cost of the gas and, therefore, undercharged Leprino. Once Txu discovered the errors, it tendered corrected invoices to Leprino, who refused to pay, claiming to have already done so. Leprino also contends that it is under no obligation to pay Txu again since no contract exists between the two parties.

Txu filed this action against Leprino, and about 16 other California customers who purchased natural gas. Western Retail, in the meantime, on behalf of Leprino and all other California customers, sued Txu in district court in the state of Colorado. As a result of the filing of that action, the presiding judge stayed this action. The Colorado action settled on the eve of trial, the stay was then lifted in this case, and all defendants except Leprino settled with Txu. Prior to the entry of a stay, however, Leprino served a set of requests for the production of documents on Txu. While many documents have since been produced, Leprino contends that Txu failed to provide all responsive documents and, therefore, now moves to compel production. Leprino also seeks sanctions against Txu, due to both the necessity of filing this motion and for the alleged destruction of a "customer file," as discussed below.

## III. STANDARDS

Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rules of Evidence, Rule 401. Discovery may be limited by the court for good

cause shown "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37(a)(2)(B).

## IV. DISCUSSION

### A. Request for Sanctions

Civil L.R. 7-8 requires that any request for sanctions be filed and noticed for hearing under separate cover. In this instance, Leprino simply included its request for sanctions within its motion to compel, in violation of Rule 7-8. Accordingly, the request for sanctions is denied. Moreover, as noted at the hearing, the Court does not find this situation appropriate for the imposition of sanctions as both parties have raised justifiable arguments.

### B. Motion to Compel

#### 1. Document Requests

In its motion to compel, Leprino complains that Txu failed to produce *electronic* documents responsive to its discovery requests. Although conceding that numerous printed electronic documents have been provided, Leprino argues that the electronic, original data is also necessary since that material contains "critical metadata and dates" not available on the printed versions. In the letter submitted to the Court on January 20, 2006, however, Leprino now argues that Txu should be required to conduct a diligent search for *all* responsive documents, whether in printed or electronic format, which have not been previously produced. Leprino contends that Txu, rather than conducting a search of its files and responding to the document requests, simply provided all documents which had been provided in the Colorado case. That response, according to Leprino, is

3

inadequate since it remains unclear whether Txu possesses additional, responsive documents which were not provided in the Colorado action.

Contrary to Leprino's contention, however, and as pointed out by Txu, amended responses have been offered by Txu which specifically state that a diligent search has been made for all responsive documents. See Txu's Proposed Amended Responses, attached to Joint Letter dated January 20, 2006. In its amended responses, Txu states either that no documents were found or identifies the location of the produced documents. Id. Accordingly, at least to the extent that the responses request printed materials, Txu's amended responses appear to answer fully Leprino's requests for the time period from January 1, 1999 to December 31, 2001. Disputes remain, however, concerning the production of electronic files, as well as whether Txu must provide documents covering a lengthier time frame.

a. Electronic Data

Leprino argues that Txu must provide the requested information in electronic format, pursuant to Fed. R. Civ. Pro. 34, despite the fact that paper copies of the materials have been provided, since it contends that only the electronic version contains "critical metadata." Contrary to this argument, however, it does not appear that such production is necessary or warranted, especially in that the data no longer exists in a form which could be easily retrieved and reproduced and is thus "non-accessible." Zubulake v. UBS Warburg LLC, 217 F.R.D. 309, 318 (S.D. New York 2003). Although Leprino correctly notes that the district court in the Zubulake case required defendant to produce its inaccessible electronic data, electronic production was ordered there because plaintiff Zubulake had established additional, responsive emails existed and that, accordingly, defendant could not have properly searched its electronic files in response to her discovery requests.

Here, counsel for Leprino conceded at the hearing that he knows of no documents which have not been produced, with the exception of some email attachments, which are addressed separately below. Rather, Leprino argues that it needs metadata to confirm whether a proposed contract was sent to it by Txu. Txu responds that no metadata exists which could confirm that such contract was sent because it alleges that it sent that document by regular mail, not electronically. As

4

a result, the <u>Zubulake</u> result is not instructive for our purposes. The burden and expense to Txu of requiring it to search and create electronic files responsive to Leprino's discovery requests far outweighs the marginal benefit which would be derived from such production. Leprino's motion to compel production of electronic files or data is, therefore, denied.

        b.    <u>Relevant Time Frame</u>

Leprino argues that Txu must provide all documents responsive to Request Nos. 3, 5-8, and 10 for the time frame between December 31, 2001 and June 20, 2003. Although Txu produced all responsive documents from January 1, 1999 through December 31, 2001, on the basis that the parties' last transaction concluded by the end of December 2001, it is reasonable to assume, as Leprino does, that additional, responsive documents may exist regarding the parties' disputes thereafter. The fact that some of those documents may be privileged, as noted by Txu, does not excuse their production, but simply requires that Txu identify such documents on a privilege log. As a result, Txu is ordered to produce documents, in paper form, which are responsive to Request Nos. 3, 5-8, and 10 for the time frame between December 31, 2001 and June 20, 2003, and serve a log reflecting any responsive materials withheld on a claim of privilege.

    2.    <u>Customer Files</u>

Leprino additionally contends that Txu failed to produce a "customer file" concerning the Leprino account, based on deposition testimony given by two former Txu employees who testified that Txu maintained customer files in its Fremont, California office. Txu denies that separate "customer files" were maintained and notes that all responsive documents which were maintained in the Fremont office were produced to Leprino such that, if those files existed, they would now be in the possession of Leprino. Based on Txu's response, Leprino requests that Txu be ordered to provide a verification, based on personal knowledge, that it has searched it files and that no "customer files" now exist or were maintained. The amended responses offered by Txu, specifically the amended response to Request No. 8 which appears to encompass Leprino's request for a "customer file,"[1]

---

[1] Leprino failed to identify any request which asks Txu to produce its "customer files."

5

1 addresses this concern. Accordingly, no further production or response appears warranted at this
2 time.

    3. <u>E-Mail Attachments</u>

Leprino asserts that Txu failed to provide all attachments to the printed versions of the emails it produced. Instead, while some attachments were produced, several emails which state that there are attachments were provided without them. During the meet and confer process, Leprino identified several examples where omissions had occurred and Txu conceded that, in some instances, attachments were not provided. In other instances, Txu contends that, although the email states that there is an attachment, in fact no attachment exists but that the email program, Lotus Notes, lists the prior string of emails as "an attachment." In any event, Txu has searched its files and provided some of the attachments it located and is still searching for additional attachments. That process should continue with Txu completing the search and providing all responsive attachments to Leprino within thirty (30) days of the date of this order.

## V. CONCLUSION

For the reasons stated above, Leprino's motion to compel the further production of materials is granted to the extent that Txu is ordered to produce documents, in paper form, which are responsive to Request Nos. 3, 5-8, and 10 for the time frame between December 31, 2001 and June 20, 2003. Txu is also ordered to continue to search its files for attachments which were alleged to be included in emails already provided to Leprino and shall provide all attachments it locates to Leprino. The subsequent production by Txu shall be completed within thirty (30) days of the date of this order. In the event that no further attachments are located, Leprino shall inform Txu that it was unable to locate additional attachments. In all other respects, the motion to compel is denied, as is the request for sanctions.

IT IS SO ORDERED.

Dated: January 23, 2006

RICHARD SEEBORG
United States Magistrate Judge

**United States District Court**
For the Northern District of California

1 **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

2 David T. Biderman    dbiderman@perkinscoie.com,

3 William Stephen Boyd    sboyd@hunton.com,

4 Raymond Carlson    levinson@griswoldlasalle.com,

5 William T. Eliopoulos    weliopoulos@rutan.com, llow@rutan.com

6 J. Randall Faith    jrfaith@aol.com,

7 Mark Fogelman    mfogelman@steefel.com, ppomerantz@steefel.com

8 Arthur Jay Friedman    afriedman@steefel.com,

9 Donald P. Gagliardi    dgagliardi@be-law.com, cgrenon@be-law.com

10 Erin-Leigh A. Henderson    ehenderson@rutan.com, llow@rutan.com

11 Shirley Jackson    sjackson@steefel.com

12 Angus M. MacLeod    amacleod@bkscal.com,

13 Patrick Theodore Markham , Esq    ptmarkham@jacobsonmarkham.com, jlukins@jacobsonmarkham.com; mfogelman@steefel.com; afriedman@steefel.com; sjackson@steefel.com

15 William Samuel Niece    wsniece@thelenreid.com, mawulfing@thelenreid.com; sammons@thelenreid.com

Kenneth L. Nissly    kennissly@thelenreid.com, ddiaz@thelenreid.com; gmccombe@thelenreid.com

18 T. R. Rice    tr@astrellalaw.com

19 Paul M. Zieff    pzieff@rjop.com, kchristensen@rjop.com

20 Susan G. van Keulen    svankeulen@thelenreid.com, rrosas@thelenreid.com; sammons@thelenreid.com

**Dated: 1/23/06**                                                  **Chambers of Judge Richard Seeborg**

                                                                    **By:    /s/ BAK**